'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MEZA and LETICIA MEZA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FCA US LLC, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CV 22-04011-RSWL-KSx<br><br>**ORDER re: MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** [20] |

　　Plaintiffs Melissa Meza and Leticia Meza ("Plaintiffs") brought the instant Action against Defendant FCA US, LLC ("Defendant") alleging Violations of California Civil Code subsections 1793.2 (A)(3), (B), and (D), Breach of the Implied Warranty of Merchantability, Violation of the Magnuson-Moss Warranty Act and Fraudulent Inducement-Concealment. Currently before the Court is Defendant's Motion for Partial Judgment on the Pleadings regarding Plaintiff's

1

fraudulent inducement-concealment claim [20].

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings as to Plaintiff's fraudulent inducement-concealment claim.

## I. BACKGROUND

### A. Factual Background

On or about February 6, 2018, Plaintiffs entered into a warranty contract ("Warranty Contract") with Defendant regarding a 2018 Jeep Cherokee vehicle ("Vehicle") that Defendant manufactured and/or distributed. Compl. ¶ 10, ECF No. 1. The Warranty Contract included various warranties, including bumper-bumper warranty, powertrain warranty, and emission warranty. Id. ¶ 11. Plaintiffs allege that defects and nonconformities manifested during the warranty period and substantially impaired the use, value, or safety of the Vehicle. Id. ¶¶ 15-16.

Specifically, Plaintiff contends that the Vehicle's 9HP transmission ("Transmission") and Powertrain Control Module ("PCM") contained defects that "may result in stalling, shutting off, and/or loss of power." Id. Plaintiffs allege that Defendant had knowledge of the 2017-2020 Jeep Cherokee vehicles' defects and concealed and failed to disclose the defects to its sales representatives and Plaintiffs. Id. ¶¶ 18, 22. If Plaintiffs had known of their Vehicle's defects at the

2

1 time of purchase, they would have refused to purchase
2 the Vehicle or request a lower price. Id. ¶ 26.
3 **B. Procedural Background**
4     Plaintiffs filed their Complaint [1] on June 14,
5 2022. Defendant filed the instant Motion [20] on
6 September 16, 2022. Plaintiff opposed [24] the Motion
7 on September 27, 2022. Defendant replied [25] on
8 October 4, 2022.
9                 II. DISCUSSION
10 **A. Legal Standard**
11     Rule 12(c) of the Federal Rules of Civil Procedure
12 states that "after the pleadings are closed — but early
13 enough not to delay trial — a party may move for
14 judgment on the pleadings." Fed. R. Civ. P. 12(c). A
15 motion for judgment on the pleadings is "functionally
16 identical" to a Rule 12(b)(6) motion to dismiss for
17 failure to state a claim, meaning the same pleading
18 standards apply. Dworkin v. Hustler Mag., Inc., 867
19 F.2d 1188, 1192 (9th Cir. 1989). The allegations of the
20 non-moving party must be accepted as true, and any
21 allegations made by the moving party that have been
22 denied or contradicted are assumed to be false.
23 MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081
24 (9th Cir. 2006). Judgment on the pleadings is proper
25 "only if it is clear that no relief could be granted
26 under any set of facts that could be proved consistent
27 with the allegations." Turner v. Cook, 362 F.3d 1219,
28 1225 (9th Cir. 2004) (quoting Swierkiewicz v. Sorema

1 N.A., 534 U.S. 506, 514 (2002)).

In ruling on a motion for judgment on the pleadings, courts may consider documents attached to the complaint, documents incorporated by reference into the complaint, or matters properly subject to judicial notice. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. at 908.

**B. Analysis**

Defendant argues that Plaintiffs' claim for fraudulent inducement-concealment fails because omission of material fact was not pled with particularity or, alternatively, because the economic loss rule bars Plaintiffs' claim. Def.'s Mot. For Partial J. on the Pleadings ("Mot.") 1:7-10, ECF No. 20. Plaintiffs counter that they adequately pled circumstances constituting fraud and that the economic loss rule is inapplicable because their contract was fraudulently induced. Pls.' Opp'n to Mot. ("Opp'n") 1:2-3, ECF No. 24. For the following reasons, the Court finds that Plaintiffs did not plead their claim with particularity and the Court should therefore **GRANT** Defendant's Motion.[1]

---

[1] Since the Court **GRANTS** Defendant's Motion on Rule 9(b) grounds, the Court need not address whether the economic loss

The Rule 9(b) particularity standard for a fraud claim requires a plaintiff to plead the who, what, when, where, and how of the alleged misconduct. Fed. R. Civ. P. 9(b). Specifically, a plaintiff averring an omission claim "must describe the content of the omission and where the omitted information should or could have been revealed." Tapia v. Davol Inc., 116 F. Supp. 3d 1149, 1163 (S.D. Cal. 2015). Additionally, an omission claim pertaining to a defective product must identify the defect and not merely the symptoms or consequential performance of the defect. In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig., 483 F. Supp. 3d 838, 847 (C.D. Cal 2020) (finding failure to plead with particularity where plaintiff merely noted the transmission system was defective without identifying the precise defect).

Here, Plaintiffs fail to plead their claim with particularity. Although Plaintiffs describe the information that was allegedly omitted along with when the omitted information could have been revealed, Plaintiffs ultimately fail to identify the Vehicle's defects. The Plaintiffs list symptoms of the defect – stalling, shutting off, and/or loss of power – without identifying the precise defect of the Vehicle. Compl. ¶ 18. Although Plaintiffs mention that the Transmission and PCM were defective, the court in In re Ford Motor

---

rule bars Plaintiffs' claim and declines to do so.

1  Co. determined that merely alleging that part of a
2  Vehicle was defective was not sufficiently
3  particularized. 483 F. Supp. 3d at 847; see Compl. ¶ 18.
4  Just as the "transmission defect" in In re Ford Motor
5  Co. did not precisely identify the defect pursuant to
6  Rule 9(b), the Transmission and PCM defects mentioned in
7  the Complaint do not sufficiently identify the defect to
8  satisfy Rule 9(b)'s particularity standard.

### III. CONCLUSION

In sum, Plaintiffs fail to plead its fraudulent inducement – concealment claim with particularity. Based on the foregoing, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings.

**IT IS SO ORDERED.**

DATED: October 24, 2022          /S/ RONALD S.W. LEW
                                 **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge